IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR284 |
| v. | |
| LORENZO GONZALEZ-PEREZ, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Lorenzo Gonzalez-Perez's ("Gonzalez-Perez") Motion to Suppress Evidence & Statements (Filing No. 203) obtained during a traffic stop "on or about October 18, 2021, in the area of Interstate 70 in Sevier County, Utah, near mile post 18." As Gonzalez-Perez sees it, the stop and search of the red Dodge Charger ("Charger") he was traveling in and the "eliciting of statements" from him during the stop violated his rights under "the Fourth, Fifth, and Sixth Amendments to the Constitution of the United States."

On September 19, 2022, the magistrate judge[1] held an evidentiary hearing on Gonzalez-Perez's motion. At the hearing, Trooper Skylar Harwood ("Trooper Harwood") of the Utah Highway Patrol testified he stopped the Charger because he observed the license-plate light was not working and believed the window tint was too dark for Utah law. To confirm his suspicion about the window tint, Trooper Harwood pulled next to the left rear of the vehicle and observed the windows for a few seconds before slowing, turning on his emergency lights, and initiating a traffic stop. Trooper Harwood later confirmed the tint violation with an electronic tint meter.

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

Based on Trooper Harwood's testimony and the other evidence adduced at the suppression hearing, the magistrate judge concluded, "Trooper Harwood had an objectively reasonable belief that a traffic violation had occurred, thus providing probable cause for the traffic stop." More specifically, the magistrate judge found the suspected tint violation justified the stop. For that reason, the magistrate judge issued a Findings and Recommendation (Filing No. 249) recommending Gonzalez-Perez's motion be denied. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b).

Gonzalez-Perez makes just one objection (Filing No. 258). He argues "the magistrate judge erred in finding Trooper Harwood had an objectively reasonable belief that a tint violation occurred." In Gonzalez-Perez's view, the "evidence presented at the hearing" was insufficient "to demonstrate that Trooper Harwood did anything more than speculate." The Court disagrees.

After careful de novo review of Gonzalez-Perez's objection, the hearing transcript, videos of the stop, photographs of the Charger, and the parties' respective arguments, *see* 28 U.S.C. § 636(b)(1) (standard of review); Fed. R. Crim. P. 59(b)(3) (same), the Court finds Trooper Harwood had an adequate opportunity to observe and evaluate the window tint on the Charger before the stop and had an objectively reasonable basis to conclude that the tint violated Utah law. Gonzalez-Perez's assertions that Trooper Harwood could not meaningfully observe the tint without pulling fully parallel to the Charger and that it "was impossible to see [a window tint violation] under the circumstances" are unpersuasive.

In light of the foregoing, the traffic stop did not violate Gonzalez-Perez's constitutional rights, and

IT IS ORDERED:
1. Defendant Lorenzo Gonzalez-Perez's objection (Filing No. 258) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 249) is accepted.

3.     Gonzalez-Perez's Motion to Suppress Evidence & Statements (Filing No. 203) is denied.

Dated this 9th day of December 2022.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
Chief United States District Judge
